# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WYATT J. ELLISON,<br><br>        Petitioner,<br><br>   v.<br><br>WARDEN MATEVOSIAN,<br><br>        Respondent. | Case No. 1:15-cv-00156-LJO-SMS HC<br><br>ORDER DISMISSING PETITION<br>FOR HABEAS CORPUS FOR<br>LACK OF JURISDICTION |

### SCREENING ORDER

On January 29, 2015, Petitioner, a federal prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California (USP-Atwater) as a result of a September 3, 2009 conviction of an undisclosed underlying crime. The petition challenges the increases of the minimum mandatory sentence for this conviction pursuant to 18 U.S.C. § 924(b) based on (1) Petitioner's having brandished a weapon and (2) the conviction being a second or subsequent conviction under the section.

Petitioner's argument relies on the U.S. Supreme Court's holding in *Alleyne v. United States*, 133 S.Ct. 2151, 2155 (2013), that under the Sixth Amendment, "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Accordingly, said the Court, any factor that increases the mandatory minimum sentence is an element that must be submitted to the jury. Petitioner contends that, under *Alleyne*,

1

1  the trial court's imposition of the increases in the mandatory minimum sentence mandated by 18
2  U.S.C. § 924(b), which had not been found as facts by the jury, violated his rights under the Sixth
3  Amendment.
4   Because Petitioner seeks review of his sentence under 28 U.S.C. § 2241 instead of seeking
5  certification of a second appeal under 28 U.S.C. § 2255, the Court dismisses the petition for lack of
6  jurisdiction.

## DISCUSSION

8   A federal prisoner who seeks to challenge the validity or constitutionality of his federal
9  conviction or sentence must do so by filing a motion to vacate, set aside, or correct the sentence
10 under 28 U.S.C. § 2255.  *Tripati v. Henman*, 843 F.2d 1160, 1161-62 (9th Cir. 1988); *Stephens v.
11 Herrera*, 464 F.3d 895, 897 (9th Cir. 2006).  In such cases, only the sentencing court has
12 jurisdiction.  *Tripati*, 843 F.2d at 1163.

13  Petitioner previously filed a § 2255 motion on August 13, 2011, in the U.S. District Court
14 for the Western District of Missouri, the jurisdiction in which he was convicted.  That Court denied
15 the motion on June 11, 2012.  A prisoner may not bring a second § 2255 motion in the district in
16 which he was convicted without first obtaining certification as provided in 28 U.S.C. § 2244 by a
17 panel of the appropriate court of appeals that the motion sets forth either (1) sufficient, newly
18 discovered evidence or (2) "a new rule of constitutional law, made retroactive to cases on collateral
19 review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255 (h).  Since
20 Petitioner contends that he is entitled to a review of his sentence in light of *Alleyne*, the appropriate
21 procedure would be application to the Eighth Circuit Court of Appeals for certification to bring a
22 second Section 2255 motion in the Western District of Missouri.  The petition does not indicate that
23 Petitioner has attempted to do so.

24  Instead, Petitioner has filed a petition pursuant to 28 U.S.C. § 2241 in this Court.  Generally,
25 a prisoner may not collaterally attack a federal conviction or sentence using a petition for writ of
26 habeas corpus pursuant to 28 U.S.C. § 2241, as Petitioner does in this case.  *Tripati*, 843 F.2d at
27 1162.
28 ///

A prisoner challenging the manner, location, or conditions of the execution of his sentence may bring a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district in which he is in custody, but a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention. *Stephens*, 464 F.3d at 897; *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000). A federal prisoner may not substitute a § 2241 petition for a § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) ("The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255"). "Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions." *Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001).

If a federal prisoner can demonstrate that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention," however, he may nonetheless seek relief under § 2241. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255); *Hernandez*, 204 F.3d at 864-65. The exception is very narrow. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied or because a remedy under § 2255 is procedurally barred. *See Aronson v. May*, 85 S.Ct. 3, 5 (1964); *Tripati*, 843 F.2d at 1162-63; *Williams v. Heritage*, 250 F.2d 390, 390 (9th Cir. 1957); *Hildebrandt v. Swope*, 229 F.2d 582, 583 (9th Cir. 1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).

The savings clause is only available to a prisoner "who is 'actually innocent' of the crime of conviction, but who has never had 'an unobstructed procedural shot' at presenting a claim of innocence." *Lorentsen v. Hood*, 223 F.3d 950, 953-54 (9th Cir. 2000). *See also Stephens*, 464 F.3d at 898. "To establish actual innocence, [a] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation and quotation marks omitted). A petitioner bears the burden of proving this issue by a preponderance of the evidence. *Lorentsen*, 223 F.3d at 954.

///

He must demonstrate that the evidence against him was so weak that no reasonable jury would have convicted him. *Id.* Petitioner here does not assert actual innocence.

Because Petitioner has not demonstrated that § 2255 constitutes an inadequate or ineffective remedy for raising his claims, § 2241 is not the proper statute for raising Petitioner's claims.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
>  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>  (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the

petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

**CONCLUSION AND ORDER**

The Court hereby ORDERS that:

1. The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE.

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **February 4, 2015**          **/s/ Lawrence J. O'Neill**
                                       UNITED STATES DISTRICT JUDGE